UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| BENCHMARK HOMES, INC., a Nebraska corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>LEGACY HOME BUILDERS, L.L.C., a Nebraska limited liability company; MARK VOSIKA, an individual; and PRIME DESIGNS INCORPORATED, a Nebraska corporation,<br><br>    Defendants. | 8:03CV527<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

Plaintiff, Benchmark Homes, Inc.,[1] sued defendants, Legacy Home Builders, L.L.C., Mark Vosika, and Prime Designs, Inc., for alleged copyright infringement. Benchmark contends defendants copied its design plans to build a house for Vosika in violation of the Copyright Act. Defendants Legacy and Prime Designs move for partial summary judgment on the issue of actual damages. Benchmark opposes the motion. Defendants' motion for partial summary judgment is denied.

**LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[1] On January 26, 2006, the court found that Benchmark lacked standing to sue for copyright infringement, because B3 Architects, Inc., ( B3) owned the Hamden copyright. To the extent Benchmark was found to lack standing, it requested reasonable time to join B3 as a party. The court granted the motion and gave Benchmark until February 6, 2006, to join B3 as a plaintiff pursuant to Fed. R. Civ. P. 15(a), 17(a), or 21. The court will consider this motion for partial summary judgment as if B3 were already joined as a party plaintiff.

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

## DISCUSSION

Benchmark alleges that defendants infringed on its copyright in a home design called the Hamden. It requests statutory damages, attorneys' fees, and actual damages for any profits or advantages attributable to the infringement of its copyright.

In general, a copyright infringer is liable for either statutory damages or the copyright owner's actual damages and any additional profits of the infringer. 17 U.S.C. § 504 (a). "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Actual damages are the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement. 4 Melville B. Nimmer and David Nimmer, Nimmer on Copyright, § 14.02, at 4-14 (2005). See also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 512 (9th Cir. 1985). In addition to actual damages, a prevailing plaintiff is entitled to recover all profits attributable to the infringement of the copyright. See Eales v. Environmental Lifestyles, Inc., 958 F.2d 876, 880 (9th Cir. 1992) (abrogated on other grounds). An infringer is liable for at least the "fair value," or market value, of the infringed plans. Nucor Corp. v. Tennessee Forging Steel Service, Inc., 513 F.2d 151, 153 (8th Cir. 1975). At any time before final judgment is entered, the copyright owner may elect to recover statutory damages instead of actual damages and profits. 17 U.S.C. § 501(c).

B3 designed the Hamden and owns the copyright. Benchmark alleged that B3 assigned its cause of action for copyright infringement to Benchmark. As an assignee, Benchmark stands in the shoes of B3. Association of Commonwealth Claimants v. Moylan, 71 F.3d 1398, 1042 (8th Cir. 1995). Thus, when determining the award of damages, the amount of actual damages, whether awarded to Benchmark or B3, is based on the damages that B3

3

suffered as a result of the alleged copyright infringement.  Because there is evidence that B3 suffered actual damages and lost profits as a result of defendants' actions, the court finds that material questions of fact exist as to the amount of those damages.  Accordingly, it is hereby

ORDERED that defendants' motion for partial summary judgment (Docket 101) is denied.

Dated January 31, 2006.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE